UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip Ray Kidd, | ) | C/A No. 5:15-cv-02357-DCN-KDW |
|              Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Bill Byers, | ) | |
|              Defendant. | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Factual Background

Phillip Ray Kidd ("Plaintiff") is civilly committed in the state's Sexually Violent Predators Treatment Program ("SVP program"). It appears that he was committed to the SVP program after serving a criminal sentence in the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint submitted in this case, Plaintiff alleges that SCDC improperly calculated his criminal sentence, resulting in him being held in prison two years longer than he was supposed to have been. Compl. 3, ECF No. 1. The only Defendant named in the Complaint is "Bill Byers/SCDC Director of Operations," *id*. at 2; however, there are no allegations in the Complaint about anything that this person did to cause Plaintiff to serve a

1

longer sentence than he should have served.[1] Plaintiff asks for compensatory damages of $250/day that he was allegedly held over past his correct sentence. *Id*. at 4.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the

---

[1] SCDC's internet website identifies the current "Director of the South Carolina Department of Corrections" as "Bryan P. Stirling," who has been in that position since 2013. The immediate-past Director is identified as "William R. Byars, Jr.," who appears to have served in that position from 2011-2013. *See* http://www.doc.sc.gov/pubweb/about_scdc/AgencyHistory5.jsp (last consulted July 2, 2015) The current "Deputy Director of Operations" is listed as "Michael McCall" and there is no listing of "Bill Byers" as an administrative-level official at SCDC. *See* http://www.doc.sc.gov/pubweb/contact.jsp (last consulted July 2, 2015). It is possible that Plaintiff's intended Defendant is former SCDC Director Williams R. Byars, Jr., who is no longer employed with the Department, but that he has misspelled the name.

2

court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.    Discussion

Although Plaintiff does not cite to any specific federal statute as the basis for his claim in this court, under a liberal construction of his allegations it appears that he seeks damages for a constitutional violation that allegedly occurred while he was incarcerated at a state prison. Thus, the proper statutory basis for his claim is 42 U.S.C. § 1983.[2] To assert a plausible § 1983 claim against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under §

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

3

1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because Plaintiff does not allege any personal involvement of Defendant Byers in the calculation of Plaintiff's criminal sentence or in his allegedly excessive period of incarceration, no plausible § 1983 claim is stated by this Complaint.

Additionally, to the extent that Plaintiff's allegations may be liberally construed as an attempt to state a damages claim against former SCDC Director William S. Byars, Jr., *see supra* note 1, based on Byars' former position as the overall supervisor of SCDC personnel, the Complaint states no plausible § 1983 claim. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like former SCDC Director Byars may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slaken* exception is not adequately pled in this case because there are no allegations of any personal knowledge (or even subjective knowledge) on Director Byars' part of the allegedly improper calculation of Plaintiff's criminal sentence. Thus, even if someone employed by SCDC did miscalculate Plaintiff's sentence, Byars cannot be found liable for Plaintiff's allegedly excessive imprisonment simply based on his former job as the overall "supervisor" at SCDC. Moreover, there are no allegations from which any potential responsibility of Byars for an unconstitutional SCDC policy or custom could be established nor does Plaintiff seek injunctive or declaratory relief. *See Sindram v. Saxton*, 955 F.2d 42, at *1 (4th Cir. 1992) (unpublished) (recognizing a policy-enforcement exception to the no-vicarious-liability rule and citing *Monell*); *see also Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002) (Eleventh Amendment does not protect agency officials from suit for prospective injunctive or declaratory relief, citing *Ex Parte Young*, 209 U.S. 123 (1908)). The lack of any allegations in the Complaint establishing

5

a plausible § 1983 claim against Defendant Byers requires that it be summarily dismissed without issue of process for Defendant.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

July 16, 2015                                                                                      Kaymani D. West
Florence, South Carolina                                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).